OPINION *Page 2 
{¶ 1} Defendant-appellant Christopher Kleman ("Kleman") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County denying Kleman's motion to suppress.
 {¶ 2} On August 22, 2005, Kleman was driving a vehicle with only one working headlight. Officer Dunifon ("Dunifon") and Officer Binkley ("Binkley") of the Cridersville Police Department observed the vehicle and initiated a traffic stop. Before approaching the vehicle, Dunifon and Binkley saw Kleman reach toward the passenger seat area for approximately 20 seconds. Kleman explained that he had been looking for his registration in the glove box when questioned about his actions. Kleman then produced his license, registration, and proof of insurance when Dunifon requested them. Noting Kleman's nervousness, Dunifon decided to search the vehicle for weapons and asked Kleman to exit the vehicle. Dunifon then searched the vehicle locating a small clear bag containing a white powdery residue on the passenger floor. Dunifon kept the bag for testing and released Kleman with a citation for having only one headlight.
 {¶ 3} On January 27, 2006, Kleman was indicted for one count of possession of cocaine. Kleman entered a not guilty plea on February 7, 2006. On March 10, 2006, Kleman filed a motion to suppress and a hearing was set for May 9, 2006. At the hearing, both Binkley and Dunifon testified to what they observed. *Page 3 
Dunifon also testified that Kleman had to retrieve the registration from the glove box when requested to produce it. Based upon the testimony at the hearing, the trial court overruled the motion on July 5, 2006. On July 17, 2006, Kleman entered a plea of no contest and was found guilty. The trial court sentenced Kleman to five years of community control supervision. Kleman appeals from this judgment and raises the following assignment of error.
 The search of [Kleman's] motor vehicle, following a non-arrestable traffic stop, was illegal in that the arresting officer did not state sufficient facts on which a search for the purpose of officer safety could have been based.
 {¶ 4} Kleman's sole assignment of error is that the trial court erred in denying his motion to suppress. Appellate review of a trial court's ruling granting a motion to suppress involves mixed questions of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. "[A] reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings." State v. Hapney, 4th Dist. Nos. 01CA30, 01CA31, 2002-Ohio-3250, at ¶ 38. "The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case." Id.
 {¶ 5} In this case, the trial court made the following findings of fact.
 The officer testified and articulated facts and circumstances giving rise to a reasonable fear for the officer's safety, as the defendant had reached over to the passenger side of the car, with *Page 4 his head and hands going out of sight. Defendant was reaching over the console and down in the right seat area, and his answer was inconsistent with defendant's claim that defendant was reaching for his license. Officer was reasonably concerned for his safety.
 The weapons and safety concern was not a pretext, but a genuine concern by the officer for his personal safety, and the search was lawful. Defendant's movements, coupled with the officer's observations of nervousness of the defendant, the defendant's untruthful answers to the officer's questions, and all of the circumstances as the testimony reveals, all converge to warrant the search.
July 5, 2006, Journal Entry. These findings of fact are supported by the record. Therefore, this court must accept these findings of fact as true.
 {¶ 6} Next, this court must apply the law to these facts to determine whether the search was permissible. In Michigan v. Long (1983),463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201, the U.S. Supreme Court held as follows.
 The protective search of the passenger compartment of respondent's car was reasonable under the principles articulated in Terry and other decisions of this Court. Although Terry involved the stop and subsequent patdown search for weapons of a person suspected of criminal activity, it did not restrict the preventive search to the person of the detained suspect. Protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger. Roadside encounters between police and suspects are especially hazardous, and danger may arise from the possible presence of weapons in the area surrounding a suspect. Thus, the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant *Page 5 the officer to believe that the suspect is dangerous and the suspect may gain immediate control of weapons. If, while conducting a legitimate Terry search of an automobile's interior, the officer discovers contraband other than weapons, he cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. The circumstances of this case justified the officers in their reasonable belief that respondent posed a danger if he were permitted to reenter his vehicle. Nor did they act unreasonably in taking preventive measures to ensure that there were no other weapons within respondent's immediate grasp before permitting him to reenter his automobile. The fact that respondent was under the officers' control during the investigative stop does not render unreasonable their belief that he could injure them.
Id. at 3478-3483. The Ohio Supreme Court took the same position when it held that where a police officer stops and approaches a motor vehicle at night for a traffic violation and sees the driver furtively conceal something under the seat, a limited search of that area is reasonable for the purpose of the officer's protection. State v. Smith (1978), 56 Ohio St.2d 405, 384 N.E.2d 280. The facts of this case indicate that the officers observed Kleman furtively reaching into the passenger area of the vehicle when stopped. The officer's also testified that Kleman's explanations for his actions were obvious falsehoods and that Kleman's behavior was unusual enough to cause them to be suspicious. Based upon this testimony, the officer's articulated a reasonable suspicion that a limited search of the area of the passenger seat, the area where Kleman's furtive behavior occurred, was necessary to promote officer safety. During this search, Dunifon found the clear *Page 6 
plastic bag containing a white powdery substance on the floor by the passenger seat. Although this item was not a weapon, the officer was not required to ignore it. Thus, the trial court did not err in upholding the search and overruling Kleman's motion to suppress. The assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. r *Page 1